UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BONWICK CAPITAL PARTNERS, LLC,

               Plaintiff,

    -against-

BOUSTEAD SECURITIES, LLC, SHINECO, INC.
and NETWORK 1 FINANCIAL SECURITIES,
INC.

               Defendants.
------------------------------------------------------------x

17 Civ. 3681 (PGG)

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO WITHDRAW AS COUNSEL

Sullivan & Worcester LLP ("S&W"), counsel of record for defendant Shineco, Inc. ("Shineco"), respectfully submits this memorandum of law in support of its motion, pursuant to Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), to withdraw as counsel of record for Shineco in the above-captioned action.

Local Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Local Rule 1.4.

In this case, the Court may grant S&W's motion for leave to withdraw on the basis that "withdrawal can be accomplished without material adverse effect on the interests of the client" because no material proceedings have occurred in this matter. *See* Declaration of Harry H.

Rimm, dated June 13, 2018 (the "Rimm Decl."), at ¶ 2.  S&W is not asserting a charging or retaining lien.  *See* Rimm Decl. ¶ 4.

At this stage, Shineco may retain new counsel without disrupting the proceedings and without any adverse effect, material or otherwise, on its interests.  *See Tipoo v. Cohen & Slamowitz, LLP*, No. 11 Civ. 6046 (RJS), 2012 U.S. Dist. LEXIS 77168, at *7 (S.D.N.Y. May 30, 2012) ("Therefore, as Plaintiff will not be the worse off should [counsel] withdraw, [counsel] may withdraw under Rule 1.16(c)(1).").

There are one or more grounds for permissive withdrawal under Rule 1.16(c) of New York's Rules of Professional Conduct that S&W will provide to the Court on an *in camera* basis if the Court requires.  *See* Rimm Decl. ¶ 3.  On several occasions since the beginning of this year, S&W advised Shineco of its intention to move to withdraw.  *See* Rimm Decl. ¶ 5.  S&W will promptly serve Shineco with as-filed copies of these motion papers by email and by Federal Express.  *See* Rimm Decl. ¶ 5.

Based on the foregoing, S&W may withdraw as counsel of record, has set forth sufficient reasons to do so and can provide additional justification for permissive withdrawal on an *in camera* basis.

**CONCLUSION**

For the foregoing reasons, Sullivan & Worcester LLP respectfully requests that the Court (1) grant its motion for leave to withdraw as counsel of record for defendant Shineco in this matter and (2) stay this matter for a period of thirty days in order to give Shineco time to find new counsel.

Dated: New York, New York  	SULLIVAN & WORCESTER LLP
June 13, 2018

By: /s/Harry H. Rimm
    Harry H. Rimm
    Clark A. Freeman

1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Email:  hrimm@sandw.com

*Counsel for Defendant Shineco, Inc.*